# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| MARVIN HALL,<br><br>    Plaintiff,<br><br>vs.<br><br>LORI NELSON, STATE OF IOWA, ANAMOSA STATE PENITENTIARY,<br><br>    Defendants. | No. C17-3050-LTS<br><br>**INITIAL REVIEW ORDER** |

## *I. INTRODUCTION*

This case is before me on plaintiff's application to proceed in forma pauperis (Doc. No. 1), filed June 1, 2017. Along with his application to proceed in forma pauperis, plaintiff submitted a complaint under 42 U.S.C. § 1983 and a statement of his health problems (Doc. No. 1-1). Plaintiff filed an affidavit in support of his complaint (Doc. No. 2) on June 28, 2017.

## *II. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915*

Plaintiff did not submit the statutory filing fee. *See* 28 U.S.C. § 1914(a) (requiring filing fee). In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined. *See* 28 U.S.C. § 1915(a)(2). Based on plaintiff's application, it is clear that plaintiff does not have sufficient funds to pay the required filing fee. Thus, plaintiff's application to proceed in forma pauperis status is granted. *See generally* 28 U.S.C. §

1915. The clerk's office is directed to file plaintiff's complaint without the prepayment of fees and costs.

A prisoner bringing a civil action in forma pauperis is required to pay the full $350.00 filing fee. *See* 28 U.S.C. § 1915(b)(1). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). Because I deemed it appropriate to grant plaintiff in forma pauperis status, plaintiff is required to pay the full filing fee by making payments on an installment basis. *See* 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal.").

Concerning the computation of the initial partial filing fee, plaintiff is required to submit 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. *See* 28 U.S.C. § 1915(b)(1). Based on the information that plaintiff provided, I find that the initial partial filing fee is $6.65. *Id*. Plaintiff is directed to submit $6.65 by no later than July 17, 2017. *Id*. If necessary, plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of

the court each time the amount in the account exceeds $10 until the filing
fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after plaintiff pays in full the initial partial filing fee, the institution having custody of plaintiff is directed to collect the remaining installments. *Id*. The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where plaintiff is an inmate.

## *III. STANDARD OF REVIEW*

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (explaining that, although pro se complaints must be liberally construed, they must allege sufficient facts to support the claims that are advanced). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *Parkhurst v. Tabor*,

569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g.*, *Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

## IV. COMPLAINT

Plaintiff, proceeding pro se, has submitted a complaint under 42 U.S.C. § 1983 to redress issues that are related to his confinement. Jurisdiction is predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears to be proper as defendants are located in this district and the events giving rise to the instant action occurred in this district. The statement of claim portion of the complaint indicates the following:

> At 7:45-8:00 a.m., Mr. Hall, inmate ID Number 6905984, was having a seizure in his cell, I-13, [at the] Anamosa State Penitentiary. Mr. Hall's cellmate was not present at the time. Inmate Daijour Hall, [inmate ID Number 6510041,] had come by the cell and witnessed that Mr. Hall was unresponsive. After Daijour Hall yelled Mr. Hall's name a couple times and received no response, Daijour [Hall] went to get the Correctional Officer. The [Correctional Officer] instructed Daijour [Hall to] go get the Sergeant as the [Correctional Officer] [ran] to aid and assist Mr. Hall. The Sergeant had called the Nurse's Station and spoke to . . . Lori Nelson and the Sergeant told Lori [Nelson] that medical assistance was needed in cell I-13 and that Mr. Hall was having a seizure. [Lori] Nelson told the Sergeant that she was not coming to assist because she believe[d] that Mr. Hall . . . was faking it. The Sergeant proceeded to inform [Lori Nelson] that Mr. Hall was not breathing. [Lori] Nelson again said that Mr. Hall was faking it and that she was not coming to assist. [Correctional Officer] Neofotist came and saw that Mr. Hall was not breathing and proceeded to administer a sternum rub. Mr. Hall came to and was escorted to . . . [the] Nurse's Station still without medical staff.

Additionally, plaintiff's statement of his health problems from the Iowa Department of Corrections indicates, among other things, that: (1) since November of 2010, he has been

4

diagnosed with unspecified anxiety disorder; (2) since April of 2013, he has been diagnosed with anti-social personality disorder; and (3) since October of 2014, he has been diagnosed with pseudoseizure.[1] Plaintiff's affidavit in support of his complaint reiterates points that he made in his complaint and emphasizes that: (1) corrections officers believed plaintiff had a serious medical need; (2) corrections officers immediately provided assistance to plaintiff; (3) corrections officers asked Lori Nelson to respond; (4) at the time she was called, Lori Nelson was performing a routine non-emergency duty, and she declined to come to the plaintiff's cell to verify whether he needed assistance; (5) Lori Nelson acted unethically, and her negligence may have caused plaintiff to suffer long term effects that have not yet surfaced; (6) Lori Nelson violated prison policy and was disciplined; and (7) Lori Nelson should have fulfilled her obligation to evaluate plaintiff's condition. As relief, plaintiff states that he wants to be compensated, to be released from prison and to be awarded other relief if appropriate.

## V. ANALYSIS

### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

---

[1] The court notes that pseudoseizure or psychogenic non-epileptic seizures "are often considered by psychiatrists as part of a 'conversion' disorder in which the patient unconsciously converts emotional dysfunction into physical symptoms." Ronald P. Lesser and S. Marc Testa, *Symptoms That Mimic Epilepsy Linked to Stress, Poor Coping Skills*, Johns Hopkins Medicine http://www.hopkinsmedicine.org/news/media/releases/symptoms_that_mimic_epilepsy_linked_to_stress_poor_coping_skills (last visited June 27, 2017).

5

injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. *Plaintiff's Claims*

Given the alleged facts, I find that plaintiff's assertions do not give rise to a viable claim under 42 U.S.C. § 1983. "[Liability under 42 U.S.C. § 1983 may be imposed] for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). An inadequate

medical care claim is governed by the Eighth Amendment deliberate-indifference standard. *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

> Whether an official was deliberately indifferent requires both an objective and a subjective analysis. *Scott v. Benson*, 742 F.3d 335, 339-40 (8th Cir. 2014). Under the objective prong, [the plaintiff] must establish that he suffered from an objectively serious medical need. *See id*. at 340. To be objectively serious, a medical need must have been "diagnosed by a physician as requiring treatment" or must be "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id*. (quoting *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Under the subjective prong, [the plaintiff] must show that an official "actually knew of but deliberately disregarded his serious medical need." *Id*. This showing requires a mental state "akin to criminal recklessness." *Id*. (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). Consequently, [the plaintiff] must show "more than negligence, more even than gross negligence" to evince deliberate indifference. [*Fourte v. Faulkner Cty.*, 746 F.3d 384, 387 (8th Cir. 2014)] (quoting [*Jolly*, 205 F.3d at 1096]).

*Id*. at 1065; *accord Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 795 (8th Cir. 2006). Plaintiff fails to allege that Lori Nelson's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1240-41 (8th Cir. 1997).

Plaintiff admits that correctional officers immediately aided and assisted him when they learned he was having a pseudoseizure and brought him to the nurse's station after he recovered from his pseudoseizure. Plaintiff does not allege that corrections officers failed to provide adequate medical treatment. Rather, he contends that he did not receive enough medical attention, that is, he wanted Lori Nelson to come to his cell to check on him and/or provide medical treatment. However, it is well-established that mere disagreement with the course of treatment does not establish a cognizable constitutional claim. *See generally Reif v. Griffin*, 808 F.3d 1191, 1192 (8th Cir. 2015) (emphasizing that medical professionals remain free to exercise independent medical judgment and

7

inmates do not have a constitutional right to their requested course of treatment); *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1118—19 (8th Cir. 2007) (explaining that difference of medical opinion or course of treatment does not constitute deliberate indifference); *Bender v. Regier*, 385 F.3d 1133, 1337 (8th Cir. 2004) (reiterating that neither negligent diagnosis nor negligent treatment of medical condition are sufficient to establish liability under the Constitution); *Dulany*, 132 F.3d at 1239 (stating that prison doctors remain free to exercise independent medical judgment and that inmates have no constitutional right to their requested course of treatment); *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996) (observing that prisoners do not have a constitutional right to any particular type of treatment); *Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993) ("Disagreement with a medical judgment is not sufficient to state a claim for deliberate indifference to medical needs."); *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992) (holding that "an inmate's mere disagreement with the course of medical treatment he received does not give rise to a constitutional claim."); *Taylor v. Bowers*, 966 F.2d 417, 421 (8th Cir. 1992) (holding that "a prisoner's mere difference of opinion over matters of expert medical judgment of a course of medical treatment fail to rise to the level of a constitutional violation"); *Taylor v. Turner*, 884 F.2d 1088, 1090 (8th Cir. 1989) (explaining that medical staff are entitled to exercise their professional judgment in making medical decisions).

Further, "[t]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Long*, 86 F.3d at 765. Despite plaintiff's allegation that he was unresponsive and stopped breathing, the facts do not show that Lori Nelson actually knew of and deliberately disregarded signs that plaintiff's condition was serious and required immediate medical attention. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994) (holding

that, to be deliberately indifferent, a defendant must have "failed to act despite . . . knowledge of a substantial risk of serious harm"); *Allard v. Baldwin*, 779 F.3d 768, 771-72 (8th Cir. 2015) (stating that inmate must show that defendants were more than grossly negligent and that their mental state was akin to criminal recklessness, that is, they disregarded known risk to his health); *Williams v. Kelso*, 201 F.3d 1060, 1065 (8th Cir. 2000) ("[T]he law requires that [the] plaintiff make a showing of subjective awareness by the prison officials of a "substantial risk" of "serious harm" . . . in order to establish [a viable] cause of action."); *Choate v. Lockhart*, 7 F.3d 1370, 1374 (8th Cir. 1993) (emphasizing that deliberate indifference requires a highly culpable state of mind approaching actual intent). Rather, the facts show that no correctional officer performed CPR and only a radial sternum rub was necessary to revive plaintiff after Lori Nelson indicated plaintiff's condition was not serious.

Plaintiff does not allege that Lori Nelson failed to recognize that he experienced pseudoseizures. The fact that plaintiff had psychological disorders was well-documented and expressly noted by prison officials in his medical records. It is evident that physiological intervention from medical staff was not required while plaintiff was in his cell, and plaintiff does not assert that Lori Nelson or anyone else refused to provide psychosocial or physiological treatment once plaintiff arrived at the nurse's station. Because plaintiff received adequate treatment and Lori Nelson's medical judgment is not subject to second-guessing, plaintiff fails to demonstrate a violation of the Eighth Amendment. *Cf. Triplett v. Palmer*, 592 F. App'x 534, 535 (8th Cir. 2015) (finding that facts failed to show that defendants had actual and subjective knowledge of serious medical condition and chose to ignore it); *Smith v. Corr. Med. Servs.*, 207 F. App'x 737, 739 (8th Cir. 2006) (determining that treatment provided comported with constitutional requirements); *Rowe v. Norris*, 198 F. App'x 579, 580-81 (8th Cir. 2006) (concluding that no constitutional violation occurred because plaintiff only established disagreement

with the treatment that he received); *Still v. Crawford*, 155 F. App'x 241, 242 (8th Cir. 2005) (finding that doctor appropriately responded to plaintiff's complaints); *Brewer v. Graves*, 152 F. App'x 548, 549 (8th Cir. 2005) (holding that record did not establish that medical care was so inappropriate as to evidence intentional maltreatment); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing case as frivolous because "[n]either differences of opinion nor medical malpractice state an actionable Constitutional violation"); *Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002) (finding that adherence to treating physician's treatment decision did not constitute deliberate indifference); *Vonoczky v. Hedrick*, 44 F. App'x 41, 42 (8th Cir. 2002) (finding that record established treatment of, not deliberate indifference to, plaintiff's medical conditions); *Jolly v. Knudsen*, 205 F.3d 1094, 1096-97 (8th Cir. 2000) (finding efforts to treat condition did not constitute deliberate indifference); *Logan v. Clarke*, 119 F.3d 647, 650 (8th Cir. 1997) (concluding that doctors' efforts to alleviate pain, while perhaps not as extensive as those a private-healthcare provider might have taken, did not reflect deliberate indifference to plaintiff's medical needs); *Swope v. Cameron*, 73 F.3d 850, 852 (8th Cir. 1996) (holding that inmate's dissatisfaction with the psychological treatment he was receiving was insufficient to establish an Eighth Amendment violation); *Camberos v. Branstad*, 73 F.3d 174, 177 (8th Cir. 1995) (concluding that thorough care did not support a finding of deliberate indifference); *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995) (holding that disagreement as to the proper course of treatment of inmate's psychiatric condition was not actionable under the Eighth Amendment); *Sherrer v. Stephens*, 50 F.3d 496, 497 (8th Cir. 1994) (holding that inmate's desire for a replacement joint instead of fusion surgery was "merely a disagreement with the course of medical treatment and does not state a constitutional claim"); *Czajka v. Caspari*, 995 F.2d 870, 871 (8th Cir. 1993) (finding that prisoner's disagreement with prison doctor about delaying surgery did not state a valid Eighth Amendment claim); *Fletcher v. Butts*,

994 F.2d 548, 549 (8th Cir. 1993) (holding that conservative treatment did not establish deliberate indifference); *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990) (concluding that no Eighth Amendment violation occurred where inmate sought more medication); *Lair v. Ogelsby*, 859 F.2d 605, 606 (8th Cir. 1988) (stating that mere disagreement about which medication should have been prescribed does not constitute an Eighth Amendment violation); *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985) (holding that prisoner's disagreement about treatment of pain in his lower back and arm did not constitute an Eighth Amendment violation); *Randall v. Wyrick*, 642 F.2d 304, 308 (8th Cir. 1981) (finding that mere disagreement over diagnosis and medication involving back and joint pain did not constitute an Eighth Amendment violation); *Cognato v. Ciccone*, 558 F.2d 512, 513 (8th Cir. 1977) (concluding that prisoner's disagreement over medication did not raise a claim under the Eighth Amendment); *Seward v. Hutto*, 525 F.2d 1024, 1024-25 (8th Cir. 1975) (holding that prisoner's disagreement over diagnosis did not state an Eighth Amendment claim).

Moreover, plaintiff does not assert that any delay in treatment constituted a constitutional deprivation. There is no assertion that Lori Nelson "ignored a critical or escalating situation or that the delay posed a substantial risk of serious harm" to plaintiff. *Beyerbach v. Sears*, 49 F.3d 1324, 1327 (8th Cir. 1995); *see also id.* at 1326-27 (determining that medical treatment claim failed because plaintiff did not suffer any detrimental effects); *Johnson-El v. Schoemehl*, 878 F.2d 1043, 1055 (8th Cir. 1989) ("Delay in the provision of treatment or in providing examinations can violate inmates' rights when the inmates' ailments are medically serious or painful in nature."). Because plaintiff fails to allege any detrimental effect of delay in medical treatment, he fails to state a claim of deliberate indifference to medical needs. *See Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005); *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997). Plaintiff's assertion that he might someday experience an adverse effect is too

speculative, especially considering that it is clear that he experienced seizures in the past, *see, e.g., Hall v. Dubuque Cty. Jail*, Case # 2:11-cv-01048-EJM (N.D. Iowa 2011), and has been diagnosed with pseudoseizure.

In addition, no claim under 42 U.S.C. § 1983 exists because a violation of prison policy is not the equivalent of the federal Constitution. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (holding that the failure to follow state law or policy does not in and of itself state a constitutional claim); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) ("[T]here is no § 1983 liability for violating prison policy."); *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996) ("[T]he Due Process Clause does not federalize state-law procedural requirements."); *Hughes v. Lee Cty. Dist. Court*, 9 F.3d 1366, 1367 (8th Cir. 1993) (finding that the assertion that the state violated its own procedural guidelines does not state a federal claim); *Bagley v. Rogerson*, 5 F.3d 325, 328-29 (8th Cir. 1993) (explaining that, absent the existence of a protected liberty interest, the mere violation of state law does not state a claim under the federal Constitution or 42 U.S.C. § 1983); *Swenson v. Trickey*, 995 F.2d 132, 135 (8th Cir. 1993) (concluding that an inmate may not base a procedural due process claim on a violation of state procedural law). So, the alleged failure to follow the policies or procedures of the Iowa Department of Corrections does not state a valid federal claim.

Lastly, regarding defendants the State of Iowa and the Anamosa State Penitentiary/Iowa Department of Corrections, sovereign immunity under the Eleventh Amendment bars a suit brought solely against the state or an agency of the state. *See Brown v. Dep't of Human Servs.*, 451 F. App'x 690, 691 (8th Cir. 2011) (applying Eleventh Amendment), *Morstad v. Dep't of Corr. and Rehab.*, 147 F.3d 741, 743-44 (8th Cir. 1998) (same); *Williams v. Missouri*, 973 F.2d 599, 599-600 (8th Cir. 1992) (per curiam) (same). Moreover, to the extent plaintiff believes the State of Iowa and the Anamosa State Penitentiary/Iowa Department of Corrections are subject to suit under 42

U.S.C. § 1983, plaintiff cannot proceed any further against those defendants because a "person" does not include states or their political subdivisions. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-71 (1989) (holding that a state and its agencies are not "persons" within the meaning of 42 U.S.C. § 1983); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (making clear that a claim for damages under 42 U.S.C. § 1983 may not be asserted against a state or an arm of the state). Accordingly, plaintiff's action against the State of Iowa and the Anamosa State Penitentiary/Iowa Department of Corrections is dismissed for failing to state a claim upon which relief can be granted.

## VI. CONCLUSION

For the reasons set forth herein, plaintiff's complaint must be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because I deem it appropriate to dismiss the complaint pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action counts against plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) Plaintiff's application to proceed in forma pauperis (Doc. No. 1) is **granted**.

(2) The clerk's office is directed to file the complaint (docket no. 1-1) as a new entry without the prepayment of the filing fee.

(3) Plaintiff is directed to submit an initial partial filing of $6.65 by no later than July 17, 2017. If necessary, plaintiff may request in a written motion an extension of time to pay the initial partial filing fee. Additionally, after plaintiff pays the initial partial filing fee, the institution having custody of plaintiff is directed to collect and remit monthly payments in the manner set forth in 28

U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(4) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where plaintiff is an inmate.

(5) Plaintiff's 42 U.S.C. § 1983 action is **dismissed** pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B).

(6) The dismissal of this case counts against plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

(7) The clerk's office is directed to enter judgment in favor of defendants.

**IT IS SO ORDERED.**

**DATED** this 29th day of June, 2017.

_____
Leonard T. Strand, Chief Judge

TO: WARDEN/ADMINISTRATOR
Fort Dodge Correctional Facility, Fort Dodge, Iowa

### NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Marvin Hall, #6905984, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Hall v. Nelson, et al.*, Case No. C17-3050-LTS. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $6.65, which the inmate must pay now to the clerk of court. *See* 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, after plaintiff pays the initial partial filing fee of $6.65, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account. Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

*S/src Deputy Clerk*
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa

15